UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. FASBURG,<br>    Plaintiff,<br><br>-v-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | )<br>)<br>)   No. 1:13-cv-708<br>)<br>)   HONORABLE PAUL L. MALONEY<br>)<br>)<br>) |

## OPINION AND ORDER APPROVING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The matter before the Court is Magistrate Judge Scoville's Report and Recommendation in this matter (ECF No. 15). Plaintiff has filed Objections (ECF No. 17). When a party has objected to portions of the Magistrate Judge's recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). Here, de novo review requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). But only specific objections are entitled to a de novo review. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds Magistrate Judge Scoville's Report and Recommendation to be factually sound and legally correct.

At bottom, Plaintiff objects to the Magistrate's conclusion that Plaintiff does not meet a listed impairment. That is, Plaintiff argues that he satisfies the requirements for mental retardation in

section 12.05(C) of the Listing of Impairments. Plaintiff argues the Magistrate committed error in finding that Plaintiff must satisfy the diagnostic description of mental retardation. Plaintiff points out that he has an IQ score of 70 and has limits in function. Plaintiff's objections are overruled.

The Sixth Circuit has stated that "[I]t is not enough for a claimant to point to one score below 71; the claimant must also satisfy the 'diagnostic description' of mental retardation in Listing 12.05. It is undisputed that no psychologist has diagnosed [the plaintiff] with mental retardation. The examiner and clinical psychologist who tested him diagnosed him instead as borderline intellectual functioning. Moreover [the plaintiff] performed a number of common activities inconsistent with mental retardation . . . ." *Cooper v. Comm. of Soc. Sec.*, 217 F. App'x 450, 452 (6th Cir. 2007). Such is the case in the instant matter. Plaintiff has been diagnosed with experiencing borderline intellectual functioning, but not mental retardation. Accordingly the ALJ's conclusion was not in error, nor was the Magistrate Judge's.

Plaintiff also argues that the ALJ should have recused himself from the case. Plaintiff merely reasserts claims that the Magistrate Judge thoroughly considered and makes no objections to the Magistrate's analysis. After its review the Court finds that the Magistrate Judge correctly found there was no competent evidence that the ALJ was biased against Plaintiff or his attorney.

**ACCORDINGLY, IT IS ORDERED THAT:**

The Plaintiff's objections (ECF No. 17) are **OVERRULED;**

The R&R (ECF No. 15) is **APPROVED AND ADOPTED** as the opinion of the Court;

Date:   September 29, 2014                                        /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         Chief United States District Judge